UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL D. SMITH (#00088091)

VERSUS                                                CIVIL ACTION

DEPARTMENT OF HEALTH AND                              NUMBER 15-149-JJB-SCR
HOSPITALS, ET AL

**RULING**

Pro se plaintiff, a detainee currently confined at the East Louisiana Mental Health System Forensic Unit, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Department of Health and Hospitals and East Feliciana Parish Sheriff's Office. Plaintiff failed to allege any facts against the named defendants.

On March 12, 2015, the plaintiff was ordered within 15 days to correct deficiencies in the pleadings. Specifically, the plaintiff was ordered to sign his complaint, state the facts of his case, describe how each defendant is involved, and to state the relief he wants. In addition, the plaintiff was ordered to either pay the filing fee or file a motion to proceed in forma pauperis and a statement of account form.

Despite notification of the need to correct the deficiencies in the pleadings, the plaintiff failed to correct all of the deficiencies in the pleadings. Although the plaintiff signed the complaint, he failed to state any facts or request any relief. In

addition, the plaintiff failed to obtain the signature of an authorized officer certifying the current amount of money in his account and the monthly deposit and balance averages for the preceding six months.

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

First, the plaintiff did not allege any facts against a named

defendant which rises to the level of a constitutional violation.

Second, the plaintiff named the Louisiana Department of Health and Hospitals as a defendant. Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Health and Hospitals as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

Third, the plaintiff named the East Feliciana Parish Sheriff's Office as a defendant. Under Rule 17(b), Federal Rules of Civil Procedure, the capacity to sue or be sued must be determined by the law of the state in which the district court is held. Under Louisiana law a parish sheriff, whether in his individual or

official capacity, is the proper party defendant. It is also well settled under Louisiana law that a sheriff's department or office or "parish prison" is not a separate legal entity capable of being sued. *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665, 668 (La. 1997); *Jenkins v. Jefferson Parish Sheriff's Office*, 385 So.2d 578 (La. App. 4th Cir. 1980).

Accordingly, the plaintiff's complaint shall be dismissed as frivolous.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, March 25, 2015.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA